IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) SANDRA RHAE HESKETT, an individual.<br><br>Plaintiff,<br><br>vs.<br><br>(2) THE METROPOLITAN LIFE INSURANCE COMPANY, office of Federal Group Life Insurance,<br>(3) THEODORA ANGELINE LASSITER, an individual,<br>(4) SAMUEL ALEXANDER LASSITER, an individual,<br><br>Defendants. | Case No. CIV-17-236-C<br><br>(Oklahoma County Case No. CJ-2017-702) |

## **DEFENDANT'S NOTICE OF REMOVAL**

Defendant, Metropolitan Life Insurance Company ("MetLife"), pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, and 5 U.S.C. § 8715, hereby removes this action from the District Court of Oklahoma County, Oklahoma, where it was filed as Case No. CJ-2017-702, to the United States District Court for the Western District of Oklahoma. As the grounds for removal, MetLife states as follows:

1. On or about February 7, 2017, Plaintiff filed a Petition in the District Court of Oklahoma County, State of Oklahoma, against (1) MetLife, (2) Theodora Angeline Lassiter ("Ms. Lassiter"), and (3) Samuel Alexander Lassiter ("Mr. Lassiter"). The case, *Sandra Rhae Heskett v. Theordora Angeline Lassiter, Samuel Alexander Lassiter, and Metropolitan Life Insurance Company*, was assigned Case No. CJ-2017-702 (the "State Court Action").

2. The Civil Summons and the Petition in the State Court Action were served on the Insurance Commissioner of the State of Oklahoma on or about February 15, 2017. The Civil Summons and Petition were also served on MetLife's registered service agent on or about February

16, 2017. True and correct copies of the Petition and Summons as received by MetLife are attached hereto as Exhibits 1 and 2, respectively.

3. On information and belief, Plaintiff has attempted service by registered mail on Mr. Lassiter and Ms. Lassiter. Although it is not clear whether Plaintiff has effected good service on Mr. Lassiter and/or Ms. Lassiter, MetLife is authorized to state that both Mr. Lassiter and Ms. Lassiter consent to the removal of this action to federal court. At this time, only Mr. Lassiter has provided a written consent to removal. It is attached hereto as Exhibit 4.

4. MetLife has not yet filed an answer in the State Court Action. In filing this Notice of Removal, MetLife does not waive any defense or counterclaim that may be available.

5. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 8715, and it may be removed without regard to the citizenship of the parties pursuant to 28 U.S.C. § 1441, in that the Petition asserts claims for benefits under the Federal Employee Group Life Insurance ("FEGLI") Program, 5 U.S.C. § 8701, *et seq*. (See Pet. at ¶¶ 7-8 (alleging that "Mark Eugene Lassiter…signed a Designation of Beneficiary form [] for the Federal Employees' Group Life Insurance Program" and named Plaintiff as a beneficiary).) *See also Campbell v. Metro. Life Ins. Co.*, 812 F. Supp. 1173, 1174 (E.D. Okla. 1992) (asserting jurisdiction under 5 U.S.C. §§ 8701 *et seq*.) and *Metro. Life Ins. Co. v. Johnson*, No. 14-CV-811-KLM, 2015 WL 1945398, *2 (D. Colo. Apr. 29, 2015) ("[B]ased on federal question jurisdiction, the Court finds that it has subject matter jurisdiction over this dispute [over FEGLI benefits].").

6. Removal of this action from the District Court of Oklahoma County, State of Oklahoma, to this Court is therefore proper under 28 U.S.C. § 1441, because this Court would have had original jurisdiction of the action under 28 U.S.C. § 1331 and 5 U.S.C. § 8715 had the action been initially filed in this Court, as shown on the face of the Petition.

7.     This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) because it is filed within thirty (30) days of MetLife's receipt of the Petition and within one (1) year of the commencement of the action.

8.     Written notice of filing of this Notice of Removal will be given to the Plaintiff. Also, as required by 28 U.S.C. § 1446(d), a copy of this Notice will be filed with the Clerk of the District Court of Oklahoma County, State of Oklahoma, the court in which the State Court Action was filed.

9.     All papers served on MetLife in the State Court Action at the time of this removal, consisting of the Petition, the Civil Summons, and Plaintiff's Motion for Summary Judgment, are attached as Exhibits 1, 2, and 3, respectively, pursuant to 28 U.S.C. § 1446(a) and LCvR 81.2(a). Pursuant to LCvR 81.2(a), a true and correct copy of the docket sheet in the State Court Action, current through the date of this filing, is attached hereto as Exhibit 5. Plaintiff's Motion for Summary Judgment is currently pending in the State Court Action.[1]

WHEREFORE MetLife respectfully requests that the above referenced action now pending in the District Court of Oklahoma County, State of Oklahoma, be removed therefrom and proceed in this Court as an action duly removed from this day forward.

---

[1] MetLife asserts that Plaintiff's Motion for Summary Judgment is improper because it was filed simultaneously with the Petition, contrary to 12 O.S. § 2056(A).

DATED: this 3rd day of March, 2017.

>Respectfully submitted,
>
>/s/ James Wesley S. Pebsworth
>Renée DeMoss, OBA No. 10779
>James Wesley S. Pebsworth, OBA No. 30900
>GABLEGOTWALS
>1100 ONEOK Plaza
>100 W. 5th Street
>Tulsa, OK  74103-4217
>(918) 595-4800
>(918) 595-4990 fax
>*rdemoss@gablelaw.com*
>*wpebsworth@gablelaw.com*
>
>***Attorneys for Defendant***
>***Metropolitan Life Insurance Company***

## **CERTIFICATE OF MAILING**

I do hereby certify that on the 3rd day of March, 2017, a true, correct and exact copy of the above and foregoing document was served by placing same in the United States mail, with proper postage thereon duly prepaid, to counsel of record as listed below:

Sarah C. Stewart
929 NW 164 St., PMB 308
Edmond, OK  73013

And, a true, correct and exact copy of this filing was served by U.S. first class mail to those parties listed below:

Samuel Alexander Lassiter
1600 S. Rankin
Edmond, OK 73013

Theodora Angeline Lassiter
1600 S. Rankin
Edmond, OK 73013

>/s/ James Wesley S. Pebsworth
>James Wesley S. Pebsworth