IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SANDRA RHAE HESKETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-17-236-C |
| ) | |
| METROPOLITAN LIFE INSURANCE ) | |
| COMPANY; THEODORA ANGELINE ) | |
| LASSITER; and SAMUEL ) | |
| ALEXANDER LASSITER, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff filed this action in the District Court for Oklahoma County asserting claims for breach of contract, violation of provisions of the Oklahoma Insurance Code, and unjust enrichment. According to Plaintiff, she was a domestic partner of Mark Lassiter. Mr. Lassiter was a federal employee. As a benefit of his employment, Mr. Lassiter was eligible for life insurance through the Federal Employee Group Life Insurance Program ("FEGLI"). According to Plaintiff, in November of 2016, Mr. Lassiter executed a change of beneficiary form ("2016 Form"). Plaintiff asserts that the 2016 Form named her as a beneficiary. Mr. Lassiter died later in 2016. Plaintiff argues that despite Mr. Lassiter's execution of the 2016 Form, Defendant Metropolitan Life Insurance Company ("MetLife") distributed the proceeds of the insurance policy to Mr. Lassiter's children as dictated by a 2013 Designation of Beneficiary Form ("2013 Form"). Seeking to recover the amounts due her, Plaintiff filed the present action.

Defendant MetLife filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), asserting that Plaintiff has failed to state a claim for relief as to any Defendant. Defendant MetLife argues that the 2016 Form was not properly submitted and therefore is ineffective. Alternatively, Defendant MetLife asserts that federal law preempts all of Plaintiff's claims.

Plaintiff does not address Defendant MetLife's assertion of preemption. Defendant MetLife argues this failure requires dismissal of Plaintiff's case. However, the preemption is not as broad as argued by Defendant MetLife. Indeed, there is ample case law interpreting 5 U.S.C. § 8705 to permit an action to determine the proper beneficiary under a policy. After review of the legal and factual arguments offered by Defendant MetLife, the Court finds that Plaintiff is barred by preemption from pursuing any claim other than one to determine which beneficiary designation form is operative. Thus, Plaintiff's claims against the individual Defendants and any other claim against Defendant MetLife will be dismissed with prejudice.

Considering Plaintiff's request for a determination of the proper beneficiary, Defendant's request for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) requires the Court to examine the "specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007), and Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)).

Defendant MetLife argues that the 2013 Form was the only form properly submitted and therefore the designations set forth therein control. In her state court Petition, Plaintiff

addresses the 2016 Form stating: "The form was sent to MetLife." (Dkt. No. 1, Ex. 1, ¶ 11). Defendant MetLife asserts this submission was ineffective as it failed to follow the required protocol. The Tenth Circuit has held that in administering FEGLI benefits, Congress established an "'an inflexible rule that the beneficiary designated in accordance with the statute would receive the policy proceeds, regardless of other documents or the equities in a particular case.'" Dean v. Johnson, 881 F.2d 948, 949 (10th Cir. 1989) (quoting O'Neal v. Gonzalez, 839 F.2d 1437, 1440 (11th Cir. 1988)). 5 U.S.C. § 8705(a) states in pertinent part:

> First, to the beneficiary or beneficiaries designated by the employee in a signed and witnessed writing received before death in the employing office or, if insured because of receipt of annuity or of benefits under subchapter I of chapter 81 of this title as provided by section 8706(b) of this title, in the Office of Personnel Management. *For this purpose, a designation, change, or cancellation of beneficiary in a will or other document not so executed and filed has no force or effect.*

(emphasis added). Thus, to be effective, a beneficiary form must be (1) signed, (2) witnessed, (3) in writing, and (4) received by the employing office or OPM before the death of the employee. "In 1966, Congress amended section 8705 to add the sentence providing that a document not executed and filed in accordance with the statute had no force or effect as a designation of beneficiary." Metro. Life Ins. Co. v. Hurford, 983 F. Supp. 1045, 1047 (D. Kan. 1997). As set forth above, Mr. Lassiter's completion of the 2016 Form did not comply with these requirements. Rather, Plaintiff clearly states in her state court Petition that the 2016 Form was sent to MetLife. Because the 2016 Form did not strictly comply with the requirements of the statute, it is of no effect.

3

In her response, Plaintiff does not dispute the legal analysis set forth above. Rather, she now alleges that: "On information and belief, Lassiter delivered the 2016 Change of Beneficiary Form to MetLife, by and through, his employment agency." (Dkt. No. 8, ¶ 6). Plaintiff argues that additional discovery is needed to establish that the 2016 Form was returned to Mr. Lassiter's employer. In an attempt to bolster her position, Plaintiff avers that in January of 2016, after Mr. Lassiter's death, she spoke with an agent of Defendant MetLife who acknowledged receipt of the 2016 Form prior to Mr. Lassiter's death.

Defendant MetLife argues that Plaintiff's attempts at amending her allegations through her Response to the Motion to Dismiss should be rejected, and that even if permitted, her claim would still fail. Defendant MetLife is correct that Plaintiff's attempt to revise the allegations of the Petition through her Response cannot defeat the Motion to Dismiss. However, those allegations do establish that Plaintiff can potentially plead a valid claim. Thus, while Defendant MetLife's Motion will be granted, the case will be dismissed without prejudice and Plaintiff will be granted leave to amend.

Defendant argues that even if Plaintiff's new allegation is accepted, dismissal is still required. When discussing the contact with the MetLife agent following Mr. Lassiter's death, Plaintiff states that she was told the 2016 Form could not be processed because Mr. Lassiter's name was misspelled. Defendant MetLife argues this assertion proves that Mr. Lassiter did not submit a proper change of beneficiary form before his death. However, Defendant MetLife offers no authority to demonstrate that a scrivener's error would render the form invalid. Indeed, the misspelling of Mr. Lassiter's name does not impact any of

4

the four required elements set forth above. The court in <u>Hurford</u>, 983 F.Supp. at 1047, rejected an argument that an ambiguity in the designation form rendered it invalid.

Defendant MetLife argues that the copy of the 2016 Form does not contain evidence that it was received by the employing agency. Defendant MetLife contrasts that with the 2013 Form, which shows receipt by the employing agency. According to Defendant MetLife, this discrepancy is sufficient to establish Mr. Lassiter did not properly submit the 2016 Form. This argument improperly requests the Court to weigh the evidence and make a determination on sufficiency of proof. Of course, such action is improper at this stage.

For the reasons set forth herein, Defendant Metropolitan Life Insurance Company's Motion to Dismiss (Dkt. No. 5) is GRANTED. Plaintiff's request for a determination of the proper beneficiary is DISMISSED without prejudice. Plaintiff's state law claims against Defendant MetLife and all claims against the individual Defendants are DISMISSED with prejudice. Plaintiff's Motion for Entry of Default (Dkt. No. 11) is DENIED. Plaintiff may file an Amended Complaint within 15 days of the date of this Order.

IT IS SO ORDERED this 10th day of April, 2017.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge